## 11403

### STATE v. PERRY

(121 S. E., 204)

1. CRIMINAL LAW—RECORD HELD TO SHOW NO ABUSE OF TRIAL COURT'S DISCRETION IN REFUSING NEW TRIAL.—The record *held* to show that there was no abuse of discretion in refusing defendant's application for a new trial on the grounds of newly discovered evidence, notwithstanding the introduction of improper affidavits by the State.

2. CRIMINAL LAW—ON APPLICATION FOR NEW TRIAL, STATE'S AFFIDAVITS NOT AFFECTING CREDIBILITY NOT CONSIDERED.—On the hearing of an application for a new trial affidavits offered by the State setting out acts of violence on defendant's· part, not charging an offense that affected credibility, should not be considered.

Before DENNIS, J., Darlington, Summer Term, 1923. Affirmed.

E. R. Perry was convicted of an assault with intent to kill, and from an order refusing his application for a new trial, he appeals.

*Messrs. Mendel L. Smith* and *W. L. Stokes,* for appellant, cite: *Motion for new trial on the ground of after discovered evidence was rarely granted in early judicial*

*history of the State:* 1 Bay, 263; 2 Bay, 268; L. Brev.,
185; Tread Rep., 374; 1 Mill Const. Rep., 69; N. & McC.,
563; 38 S. C., 225. *And should only be entertained with a
proper degree of caution:* 14 S. C., 428; 39 S. C., 414; 38
S. C., 225; 44 S. C., 325. *Yet the power was well recog-
nized:* 108 S. C., 297; 1 S. C., 1; 14 S. C., 428; 34 S. C.,
132;; 1 Mill Const. Rep., 143; 39 S. C., 420; 106 S. C.,
437; 116 S. C., 287; 121 S. C., 215. *After decision of ap-
peal in the Supreme Court it lost jurisdiction and matter
was for decision of Circuit Court:* 39 S. C., 420; 40 S. C.,
294; 73 S. C., 435. *If made during pendency of appeal,
leave must be procured* 39 S. C., 420; 40 S. C., 294; 41 S.
C., 506; 41 S. C., 522, 46 S. C., 566; 51 S. C., 179. *Ap-
peal being suspended for this purpose:* 43 S. C., 410; 43
S. C., 325. *Procedure subsequently changed:* 80 S. C.,
364; 82 S. C., 126; 87 S. C., 541; 87 S. C., 542. *But
now superseded by Rule* 30 *of the Supreme Court:* 121 S.
C., 240. *In order to sustain a motion for a new trial upon
the ground of after-discovered evidence, it is necessary to
establish that the evidence relied on must have been discov-
ered after the trial:* 10 S. C., 311; 41 S. C., 522; 68 S. C.,
470; 71 S. C., 280; 89 S. C., 41; 89 S. C., 100; 106 S. C.,
437. *That it could not have been discovered by use of due
diligence prior to the trial:* 1 Bay, 263; 2 Bay, 485; Rice,
271; 1 Speers, 268; 85 S. C., 229; 106 S. C., 437; 16 S. C.,
124; 33 S. C., 403; 85 S. C., 199; 74 S. C., 368; 95 S. C.,
471; 109 S. C., 274; 121 S. C., 159; 47 S. C., 263. *That
it is relevant and material:* 68 S. C., 342; 113 S. C., 254.
*That it is of such force that it would probably have changed
the result of the trial:* 16 S. C., 416; 87 S. C., 546; 106 S.
C., 437; 116 S. C., 287; 122 S. C., 493. *That it is not
merely cumulative:* 49 S. C., 330; 100 S. C., 32; 106 S. C.,
437; 115 S. C., 463; 122 S. C., 354. *Motion is addressed
to discretion of the Circuit Judge and will not be disturbed
in the absence of an erroneous exercise of such discretion:*
15 S. C., 540; 16 S. C., 624; 49 S. C., 330; 25 S. C., 174;

104 S. C., 353; 121 S. C., 215; 123 S. C., 411. *Acts of violence are not necessarily a reflection on one's veracity:* 694 S. C., 33.

*Messrs. J. Monroe Spears, Solicitor,* and *F. A. Miller,* for the State, cite: *Exceptions too general:* Rule 5, Sec. 6, Supreme Court; 52 S. C., 474; 42 S. C., 281; 90 S. C., 473; 114 S. C., 332; 116 S. C., 375; 95 S. C., 385; 99 S. C., 217. *Affidavits properly considered:* 89 S. C., 44.

January 30, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of his Honor refusing the appellant a new trial on after-discovered evidence. The exceptions, nine in number, raise two questions: First, was there a manifest abuse of discretion in refusing the motion? Second, Was there any error of law committed in the exercise of this discretion?

A careful examination of the whole record satisfies us that, while his Honor was in error in allowing the State at the hearing to introduce certain affidavits setting out certain acts of violence on the part of the defendant, in that they did not charge an offense that affected the veracity of the parties, and, therefore, could not be considered by the Judge, disregarding them, there was no error in refusing motion. The Chief of Police of Hartsville, J. Lide Jordan, says in his affidavit, and this could be considered by his Honor:

"Deponent further says that he does not know J. Austin Gainey, Monroe Adams or John V. Martin, and he is unable after diligent search during the past few days to locate them, or either of them, in this community."

Striking out the objectionable testimony, in our opinion, his Honor committed no error in refusing the motion.

Exceptions overruled, and judgment affirmed.

MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.